## Richmond

KEMPSVILLE UTILITIES CORPORATION, A VIRGINIA PUBLIC SERVICE COMPANY v. B. B. WILLS.

March 5, 1973.

Record No. 8042.

Present, All the Justices.

*Conrad M. Shumadine (Kaufman, Oberndorfer & Spainhour,* on brief), for plaintiff in error.

*Edwin C. Kellam (Kellam, Pickrell & Lawler,* on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the court.

Kempsville Utilities Corporation filed its motion for judgment against B. B. Wills for damages alleged to have resulted from breach of a contract of which Kempsville was third-party beneficiary. The trial court, holding that the motion for judgment failed to state a cause of action on which relief can be granted, entered an order sustaining Wills's demurrer. We granted Kempsville a writ of error.

█ The motion for judgment alleged that Wills entered into a written agreement with Carolanne Homes, Inc., dated March 2, 1965, to purchase 41 lots in Carolanne Farms subdivision of the City of Virginia Beach, and that Paragraph 6[1] of the agreement required Wills to see that any buildings erected on the lots be connected to Kempsville's sewage disposal facilities. The motion further alleged that a McDonald's Drive-In Restaurant was thereafter erected on a portion of the property but was connected to the sewage treatment system of the City of Virginia Beach rather than to Kempsville's facilities and that the required connection charge of $3,500 had not been paid to Kempsville. Damages in the amount of $3,500 were sought.

Wills assigned as grounds for his demurrer that the covenant sued on is personal and does not run with the land, that it must be strictly construed, that it is contrary to public policy as a restriction against alienation and an unreasonable restraint on trade, that the interest of Kempsville as third-party beneficiary is unenforceable, that the restriction is unreasonable in time and area, and that Kempsville as a public utility is not entitled to enforce a restriction to lessen competition. Although we are unable to ascertain which of the various grounds the trial court relied on we hold that it committed reversible error in sustaining the demurrer on any of the grounds assigned.

Kempsville and Wills agree that the covenant is personal, does not run with the land, and does not bind future purchasers. Wills, however, argues that a reading of Paragraph 6 clearly shows that it applies only to buildings erected by him on the described property, not to buildings erected by purchasers from him. But the language of the agreement, plain and unambiguous, even when strictly construed, does not permit such interpretation. If this had been the intent of the parties, the words "by him" should have been inserted after the word "erected" in Paragraph 6 to accomplish their purpose. Without qualification the provision specifically applies to "any" building or buildings erected on the property.

---

[1] Paragraph 6 of the agreement of March 2, 1965, provides:

"Buyer agrees that any building or buildings erected on the property described in paragraph 1, or any part thereof, will be connected to the facilities of Kempsville Utilities Corporation for sewage disposal service and no sewage disposal service will be furnished to any such building or buildings by any other person, firm, corporation, municipality or authority so long as the said Kempsville Utilities Corporation is a licensed public service company. Buyer agrees to pay the line connection charges and sewage disposal charges in accordance with the rates, rules and regulations of Kempsville Utilities Corporation as approved from time to time by the State Corporation Commission of Virginia. The provisions of this paragraph shall survive settlement hereunder."

That the covenant does not run with the land does not render it unenforceable against Wills. In voluntarily entering into the agreement Wills assumed the responsibility of seeing that his obligations thereunder were discharged. *See Bookman* v. *Cavalier Court, Inc.,* 198 Va. 183, 186-87, 93 S.E.2d 318, 321 (1956).

The covenant is not a restraint on alienation. Although it is conceded by both Kempsville and Wills that Wills has conveyed title to another, Kempsville relies entirely on the personal contractual obligation of Wills. The land may be freely sold, and the cases cited by Wills proscribing restraints on alienation are thus inapposite.

The restriction is not on its face an unreasonable restraint on trade. It does not prohibit any owner or lessee of the property from engaging in business. It does require that buildings be connected to the sewage disposal facilities of Kempsville, a public service corporation subject to the provisions of the Utility Facilities Act (Code §§ 56-265.1 to 56-265.9). By its very nature a public service corporation, entitled to the limited monopoly afforded by the Act, may be said to operate in restraint of trade or competition in its assigned territory as a matter of public policy.

Wills concedes that reasonable restrictions on competition are valid if limited in time and area. *See Bookman* v. *Cavalier Court, Inc., supra; Krikorian* v. *Dailey,* 171 Va. 16, 197 S.E. 442 (1938). But he argues that the present restriction is arbitrary and does not protect a legitimate business interest. On its face, however, there is nothing in the restriction to show that it is not a reasonable protection of business interests of Carolanne Homes, Inc. and Kempsville, duly limited in time and geographical area. It may be beneficial to the land developer, Carolanne Homes, Inc., and to purchasers of lots in the subdivision, as well as to Kempsville, that Kempsville have a broad base of customers in order to operate efficiently with reasonable rates under its certificate of public convenience and necessity. We agree with Kempsville that it should be given the opportunity to explain the business justification of the covenant. *See Klaff* v. *Pratt,* 117 Va. 739, 86 S.E. 74 (1915).

■ As third-party beneficiary Kempsville may maintain the action on the contract in its own name under the provisions of Code § 55-22.[2] *See Bookman* v. *Cavalier Court, Inc.,* 198 Va. at 187, 93 S.E.2d

---

[2] Code § 55-22 provides in pertinent part:

". . . [I]f a covenant or promise be made for the benefit, in whole or in part, of a person with whom it is not made, or with whom it is made jointly with others, such person, whether named in the instrument or not, may maintain in his own name any action thereon which he might maintain in case it had been made with

at 321. Kempsville, specifically named in the agreement, was clearly intended to be benefited thereby. *Cf. Norfolk-Portsmouth Newspapers* v. *Stott*, 208 Va. 228, 156 S.E.2d 610 (1967). Moreover, there is no public policy of which we are aware, and Wills has cited no authority to us, that would prohibit Kempsville, because of its status as a public service corporation, from enforcing an otherwise valid covenant.

The judgment order of the trial court sustaining the demurrer will be reversed and the case remanded for trial on the merits.

*Reversed and remanded.*

---

him only and the consideration had moved from him to the party making such covenant or promise . . . ."